IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN WARREN BOORD, JR., | )<br>) |
| Petitioner, | ) Civil Action No. 07-1069<br>) |
| v. | ) Judge Nora Barry Fischer<br>) Magistrate Judge Caiazza |
| SUPERINTENDENT MARILYN BROOKS, et al., | )<br>)<br>) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Melvin Boord, a prisoner in state custody, be dismissed because it was filed beyond the applicable statute of limitations. A certificate of appealability should be denied.

### II. REPORT

#### A. BACKGROUND

The Petitioner, Melvin Warren Boord, Jr. ("Boord" or "the Petitioner") pled guilty to rape and related offenses in the Court of Common Pleas of Indiana County, Pennsylvania on April 8, 2004. He was sentenced to eleven to thirty years imprisonment on July 9, 2004. Boord filed a Motion to Modify Sentence on July 16, 2004, which was denied. No further action was taken until November 29, 2004, when Boord filed a petition pursuant to the

Pennsylvania Post Conviction Relief Act ("PCRA").[1] This petition was denied, and the Pennsylvania Superior Court affirmed the findings of the PCRA court on February 15, 2006. Boord's motion for rehearing was denied on March 24, 2006, and he did not seek review in the Pennsylvania Supreme Court.

Boord filed a second PCRA petition in May, 2006, which was dismissed as untimely under the applicable one-year statute of limitations.[2] The Superior Court quashed Boord's appeal from the denial of PCRA relief on November 1, 2006, and the Supreme Court of Pennsylvania denied Boord's petition for allowance of appeal on March 26, 2007. The instant petition was filed on August 1, 2007.

**B. ANALYSIS**

Habeas corpus petitions challenging state sentences under 28 U.S.C. § 2254 are subject to the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, April 24, 1996, ("AEDPA"), codified at 28 U.S.C. §2244(d). To determine whether Boord's petition was timely filed, the court must first determine the date direct review concluded and the judgment became "final". See 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for collateral relief

---

[1] 42 Pa. Cons. Stat. § 9541, et seq.

[2] 42 Pa. Cons. Stat. § 9545(b).

tolled the limitations period. See 28 U.S.C. § 2244(d)(2). Third, the court must determine whether another statutory exception or equitable tolling is applicable.

Boord was sentenced on July 9, 2004, and he did not file a direct appeal. His conviction became final on August 9, 2004, when his right to file a direct appeal expired. See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90-day time limit for filing a writ of *certiorari* in the Supreme Court). The instant petition was not filed until almost three years later – making it untimely.

Next, the court must determine whether Boord is entitled to any available "tolling" provisions. See 28 U.S.C. § 2244(d)(2). Boord filed a pro se PCRA petition on November 29, 2004 – which remained pending until the Pennsylvania Superior Court affirmed the order denying relief, and denied a petition for rehearing, on March 24, 2006. The time consumed in litigating a PCRA petition normally results in a tolling of the limitations period. See, Swartz, 204 F.3d at 420 (the time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought). Hence, the time during which this petition was pending is properly excluded from the computation of AEDPA's

statute of limitations. However, even if the limitations period began to run only when Boord's initial PCRA proceeding concluded on March 24, 2006, it clearly expired months before he filed this petition in August, 2007. Boord, however, asserts that he is entitled to additional tolling from his subsequent PCRA petition.

Boord filed a second PCRA petition in May, 2006, but it was denied by the state court as being untimely filed. Untimely filed state collateral appeals do not toll the limitations period. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Pace v. DiGuglielmo, 544 U.S. 408, 414 *reh'g denied,* 545 U.S. 1135 (2005)(when post conviction petition is deemed untimely under state law, that ends the inquiry). Therefore, AEDPA's one year limitations period was not tolled during the pendency of Boord's second, and untimely, PCRA proceeding. As a consequence, his federal habeas petition was filed well beyond the limitations period because more than one year had elapsed between March, 2006, when his first PCRA proceeding concluded, and the time he filed this petition on August 1, 2007.

Further, nothing in the record indicates that Boord is entitled to take advantage of any of the exceptions to the one year limitations period. Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based

on a factual predicate that could not have been discovered through due diligence. See 28 U.S.C. § 2254(d)(1)(C-D). Finally, nothing in this record indicates that the doctrine of equitable tolling is applicable here.[3]

C. **CERTIFICATE OF APPEALABILITY**

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See 28 U.S.C. §2254(c)(2). Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473 (2000). Applying this standard here, the court concludes that jurists of reason would not find it debatable whether Boord filed his habeas petition within the one year limitations period. Accordingly, a certificate of appealability should be denied.

---

[3] The one-year limitation period in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Boord's control that account for his failure to have filed his habeas petition in a timely manner.

## III. CONCLUSION

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by Melvin Warren Boord, Jr., should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 8, 2008.

                                        s/ Francis X. Caiazza
                                        Francis X. Caiazza
                                        United States Magistrate Judge

December 19, 2007

cc:

MELVIN WARREN BOORD, JR.
FX-0941
SCI Albion
10745
Route 18
Albion, PA 16475